LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department,*
*Vanessa Mitchell, and Don'te Mitchell*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY SMITH, individually, and as Special Administrator of the Estate of JAMES PEREA,<br><br>Plaintiffs,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; WELLPATH, LLC; RN RACHEL CLARK; RN TANJA WASIELEWSKI; RN GENEVA BESSIE; LCSW SANDRA CELIS; MA/LNA MELEKA ST. JOHN. RN STEPHANIE ESTALA; NP HUGH ANDREW ROSSET; NP SHELLEY AMEDURI; PA ANDREA BALOGH; RN AYNUR KABOTA; CORRECTIONS OFFICER VENESSA MITCHELL: CORRECTIONS OFFICER DON'TE MITCHELL; CORRECTIONS OFFICER JOSHUA WALDMAN; DOES 1-30,<br><br>Defendants. | Case No.:   2:23-cv-00092-JAD-NJK<br><br>**PROTECTIVE ORDER** |

Defendants Las Vegas Metropolitan Police Department, Vanessa Mitchell, and Don'te Mitchell (collectively "LVMPD Defendants"), through their counsel, Kaempfer Crowell, as well

as Plaintiff Mary Smith, appearing individually and as administrator for the Estate of James Perea through her counsel, Peter Goldstein, and Defendants Wellpath, LLC, Rachel Clark, RN; Geneva Bessie, RN, Stephanie Estala, RN, Andrea Balogh, NP, Hugh Andrew Rosset, NP, Tanja Wasielewski, RN, Shelley Ameduri, PA, Meleka St. John, RN, and Sandra Celis, LCSW., appearing through their counsel, Lewis Brisbois Bisgaard & Smith LLP (collectively "the Parties") seek to obtain, inspect, and copy documents and/or things which contain private and sensitive confidential information of LVMPD and Plaintiff.  Pursuant to an agreement by the Parties, the Court enters the following Protective Order:

## TERMS OF PROTECTIVE ORDER

I.   DEFINITIONS

The following definitions apply to this Protective Order:

1. <u>Party</u>.  Any party to this action, including all of its officers, directors, employees, Experts, and Outside Counsel.

2. <u>Parties.</u>  As defined hereinabove.

3. <u>Disclosure or Discovery Material</u>.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

4. <u>"Confidential" Information or Items</u>.  Confidential Information shall include all videos and photographs of Plaintiff that show Plaintiff unclothed. Confidential Information shall also include information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under the law enforcement investigative and/or official information privileges, or that contain Criminal History Information or personal information regarding individuals who are not parties to this case (including Social Security Numbers, dates of birth

and information which a person would have a reasonable expectation of privacy).  Confidential Information shall also include any information protected from disclosure when employing the balancing test outlined in *Conrad v. Reno Police Dep't*, 530 P.3d 851, 856 (Nev. 2023), or an official or executive information privilege.  Confidential Information shall also include certain written policies and procedures governing the Clark County Detention Center as designated by LVMPD Defendants during the course of discovery.  Confidential Information shall also include employee information, employee medical information, employee disciplinary action, and any internal investigation concerning employee actions.

5. <u>Receiving Party</u>.  A Party that receives Disclosure of Discovery Material or Confidential Information from a Producing Party.

6. <u>Producing Party</u>.  A Party or third party that produces a Disclosure or Discovery Material or Confidential Information in this action.

7. <u>Designating Party</u>.  A Party or third party that designates information or items that it produces in disclosures or in response to discovery as "Confidential."

8. <u>Protected Material</u>.  Any Disclosure or Discovery Material or Confidential Information that is designed as "Confidential."

9. <u>Outside Counsel</u>.  Attorneys licensed by the Nevada Bar or another state's Bar who are not employees of a Party but who are retained to represent or advise a Party in this action.

10. <u>Expert</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

11. <u>Professional Vendor</u>.  Person or entity that provides litigation support services

(*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees and subcontractors.

12. <u>Criminal History Record</u>. Criminal History Records are defined by State and Federal statutes, as set forth below:

> Information contained in records collected and maintained by agencies of criminal justice, the subject of which is a natural person, consisting of descriptions which identify the subject and notations of summons in a criminal action, warrants, arrests, citations for misdemeanors issued pursuant to NRS 171.1773, citations issued for violations of NRS 484C.110, 484C.120, 484C.130 and 484C.430, detentions, decisions of a prosecuting attorney or the Attorney General not to prosecute the subject, indictments, information, or other formal criminal charges and dispositions of charges, including, without limitation, dismissals, acquittals, convictions, sentences, information set forth in NRS 209.353 concerning an offender in prison, any post-conviction relief, correctional supervision occurring in Nevada, information concerning the status of an offender on parole or probation, and information concerning a convicted person who has registered as such pursuant to chapter 179C of NRS. The term includes only information contained in a record, maintained in written or electronic form, of a formal transaction between a person and an agency of criminal justice in this State, including, without limitation, the fingerprints and other biometric identifiers of a person who is arrested and taken into custody and of a person who is placed on parole or probation and supervised by the Division of Parole and Probation of the Department.
> Nevada Revised Statutes 179A.070(1)

> Criminal history record information means information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of arrests, detentions, indictments, information, or other formal criminal charges, and any disposition arising therefrom, including acquittal, sentencing, correctional supervision, and release. The term does not include identification information such as fingerprint records if such information does not indicate the individual's involvement with the criminal justice system.
> 28 CFR 20.3(b)

**II. REQUEST FOR ORDER AUTHORIZING THE DISCLOSURE OF CERTAIN LIMITED STATUTORILY CONFIDENTIAL RECORDS OF NON-PARTIES**

1. The parties acknowledge that case law and statutes create limitations on the disclosure of records that would unduly harm a person's privacy rights. The parties agree that

this Stipulated Protective Order includes authorization by the Court for disclosure of photographs and videos of Plaintiff, who is shown nude during and after receiving medical treatment at issue in this case.

The Court has not viewed any materials in this case and, therefore, makes no determination as to whether any materials are deemed confidential.

2. In the event that either party wishes to obtain or disclose any other confidential records, the parties will execute a separate Stipulation requesting an Order for the disclosure of records. If the parties cannot agree after engaging in a meet and confer, the party or the party's counsel may file a separate Motion in accord with the District's Local Rules with the Court seeking an Order for the disclosure of records.

**III.    SCOPE**

The protection conferred by this Protective Order covers the Protected Material discussed in the below Sections.

**IV.    DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**V.    DESIGNATING PROTECTED MATERIAL**

1. <u>Manner and Timing of Designations</u>. Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Protective Order must be clearly designated before it is disclosed or produced. Designations in conformity with this

Protective Order require:

      a.    <u>For information in documentary form</u>.  That the Producing Party shall affix the legend "Confidential" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or redacting portions).  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or by redacting protected portions).

      b.    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>.  That before the close of the deposition, hearing, or other proceeding, the Party or non-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "Confidential."  When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the

testimony that are appropriately designated for protection under the standards set forth herein within the thirty days shall be covered by the provisions of this Protective Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    c. <u>For information produced in some form other than documentary, and for any other tangible items</u>. That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

    2. <u>Inadvertent Failure to Designate</u>. Inadvertent failure to identify documents or things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "Confidential" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties. In such event, within thirty days of notifying all other Parties, the Designating Party must also provide copies of the "Confidential" information designated in accordance with this Protective Order. After receipt of such re-designated information, the "Confidential" information shall be treated as required by this Protective Order, and the Receiving Party shall promptly, but in no event more than fourteen calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same un-legend documents or things. The Designating Party and the Parties may

agree to alternative means. The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in un-legend documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the counsel for the party. The challenging Party must give the Designating Party an opportunity of not less than ten calendar days to review the designated material, to reconsider the circumstances, and, if no changes in the designations is offered, to explain in writing the basis for the confidentiality designation.

2. <u>Judicial Intervention</u>. A Party that elects to present a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a third party in connection with this case solely for the limited purposes of prosecuting, defending, attempting to settle, or settling this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the

persons authorized under this Protective Order.

    2.    <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

    a.    The Parties to this action and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  Counsel of Record shall be responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Protective Order, and shall be responsible for any non-compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Protective Order;

    b.    The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to be Bound by Protective Order" (Exhibit A);

    c.    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to be Bound by Protective Order" (Exhibit A);

    d.    The Court and its personnel;

    e.    Court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    f.    During their depositions or at trial, to witnesses in the action to whom disclosure is reasonably necessary.  Witnesses will not be permitted to retain copies of Protected Material unless they have signed or agreed under oath and on the record to be bound by the "Agreement to be Bound by Protective Order" (Exhibit A).  Upon request of a Designating

Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

  g. The author of the document or the original source of the information and recipients or addressees in the normal course of business.

  3. See order issued concurrently herewith.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving

Party also must within ten calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party of copy of this Protective Order.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Once notice is given, and five business days have elapsed, the Receiving Party shall have no further liability for disclosure pursuant to a subpoena or its equivalent.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven calendar days:  (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" (Exhibit A).  The Receiving Party shall promptly notify the Designating Party of the results of its efforts with regards to (b), (c), and (d) herein.  After a good faith meet and confer effort to resolve any remaining disputes concerning compliance with this paragraph, any Party, Receiving Party, or Designating Party may seek relief from this Court for non-compliance with this provision.

## X.  PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

The restrictions in the preceding paragraphs regarding disclosure of Protected Material do not and shall not apply to information or material that was, is, or becomes public knowledge in a

manner other than by violation of the Protective Order, is acquired by the non-designating party from a third party having the Right to disclose such information or material, or was lawfully possessed by the non-designating party before the date of this Protective Order.  The Designating Party shall act in good faith to notify the Receiving Party of any change in circumstances that renders Confidential Information or Items no longer Confidential within a reasonable time period after the change becomes known to the Designating Party.

**XI.   FILING PROTECTED MATERIAL**

See order issued concurrently herewith.

**XII.   ADDITIONAL PROVISIONS**

    1.   <u>Modification</u>.   The Parties may modify this Protective Order by written agreement, subject to approval by the Court.  The Court may modify this Protective Order.

    2.   <u>Right to Assert Other Objections</u>.  This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

3. <u>Privileges Not Waived</u>.  This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

4. <u>Third Party Protections</u>.  Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

5. <u>Obligations to Third Parties</u>.  Nothing herein shall operate to relieve any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or non-party to any other Party or non-party.

6. <u>Retention of Completed "Agreement to be Bound by Protective Order" Forms (Exhibit A)</u>.  Completed "Agreement to be Bound by Protective Order" Forms (Exhibit A) ("form") shall be maintained by the Party that obtained the completed form pursuant to this Protective Order.  The Party retaining the completed form shall produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Protective Order to complete the form did so properly and complied with the representations in the form and this Protective Order.  If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

or Designating Party may seek appropriate relief from this Court.

DATED this 21st day of July, 2023.

By:   */s/ Lyssa S. Anderson*
    Lyssa S. Anderson
    Nevada Bar No. 5781
    Kristopher J. Kalkowski
    Nevada Bar No. 14892
    1980 Festival Plaza Drive, Suite 650
    Las Vegas, Nevada 89135

*Attorneys for Defendants,*
*Las Vegas Metropolitan Department,*
*Vanessa*
*Mitchell, and Don'te Mitchell*

DATED this 21st day of July, 2023.

By:   */s/ Robert D. Rourke*
    S. Brent Vogel (SBN 6858)
    Robert D. Rourke (SBN 5757)
    6385 S. Rainbow Blvd, Suite 600
    Las Vegas, NV 89118

Attorneys for Defendants
Wellpath, LLC; Rachel Clark, RN; Geneva Bessie, RN; Stephanie Estala, RN; Andrea Balogh, NP; Hugh Andrew Rosset, NP; Tanja Wasielewski, RN; Shelley Ameduri, PA; Meleka St. John, RN; and Sandra Celis, LCSW.

DATED this 21st day of July, 2023.

By:   */s/ Peter Goldstein*
    Peter Goldstein (SBN 6992)
    10161 Park Run Drive, Suite 150
    Las Vegas, Nevada 89145

Attorney for Plaintiffs
MARY SMITH, individually, and as Special Administrator of the Estate of James Perea

**IT IS SO ORDERED.**

DATED this  24th  day of July, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2023, in Case No. 2:23-cv-00092-JAD-NJK.  I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.  Further, I solemnly promise that I will not offer to sell, trade, give away, offer for sale, offer for trade, offer to give away, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

At the conclusion of this matter, I will return all Protected Material which came into my possession to the pro se party or counsel for the party from whom I received the Protected Material, or I will destroy those materials.  I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

Signature: _____