UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY SMITH, Individually and as Special Administrator of the Estate of JAMES PEREA,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　Defendant(s). | Case No. 2:23-cv-00092-JAD-NJK<br><br>**ORDER**<br><br>[Docket Nos. 62, 63] |

　　　Pending before the Court is Plaintiffs' motion to modify the scheduling order to revive and extend the expired deadline to amend the pleadings or add parties. Docket No. 62; *see also* Docket No. 64 (declaration). Defendants filed a response in opposition. Docket No. 73. Plaintiffs filed a reply. Docket No. 76. Also pending before the Court is Plaintiffs' motion for leave to file a second amended complaint. Docket No. 63; *see also* Docket No. 64 (declaration). Defendants filed a response in opposition. Docket No. 74. Plaintiffs filed a reply. Docket No. 77. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** both motions without prejudice.

　　　Plaintiffs indicate that they have now located an address at which they would like to attempt service on Defendant Joshua Waldman. Docket No. 62 at 3, 7. The threshold deficiency with this request is that United States District Judge Jennifer A. Dorsey has already dismissed Defendant Waldman because Plaintiffs failed to serve him in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 43. Hence, it is not relief from the scheduling order (and amendment of the pleadings) that Plaintiffs would need on this front, but rather reconsideration of Judge Dorsey's prior order enforcing the Rule 4(m) service deadline. The pending motion papers

do not address the governing standards for reconsideration, *see* Local Rule 59-1, and improperly seek disparate relief within the same motion, *see* Local Rule IC 2-2(b).[1]  Because this request is not properly before it, the Court denies the aspects of the motions premised on a desire to serve dismissed Defendant Waldman.

Plaintiffs also seek relief predicated on the desire to add Officer Christy V. Snapp as a named defendant rather than as a fictitious defendant.  *See, e.g.*, Docket No. 62 at 2.  The deadline to amend or add parties expired on August 1, 2023, Docket No. 37, so Plaintiffs must establish both good cause and excusable neglect to obtain relief from that deadline at this juncture, *see Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3.  The motion seeking relief from the scheduling order does not address excusable neglect, however, so it is deficient.  Moreover and significantly, the motion takes a myopic view of the discovery picture, focusing on a February deposition without addressing the defense's prior disclosures and discovery regarding Snapp.  *See* Docket No. 62 at 6-7; *but see, e.g.*, Docket No. 73 at 3; Docket No. 73-2 at 3; Docket No. 73-3 at 2; Docket No. 73-4 at 2; Docket No. 73-5 at 12; Docket No. 73-6 at 12.[2]  To be clear, it is Plaintiffs' burden to establish grounds to modify the scheduling order, *see, e.g.*, *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019), and Plaintiffs addressing these issues in meaningful fashion for the first time in reply (*see* Docket No. 76 at 2-10) does not provide the Court with an optimal presentation of argument, *cf. Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).[3]

---

[1] There are important reasons why different requests for relief must be sought in different filings, including the need to steer a request to the appropriate judicial officer.  *Cf. Anoruo v. Valley Health Sys., LLC*, 2018 WL 1785866, at *1 n.2 (D. Nev. Apr. 13, 2018).  The undersigned magistrate judge is assuredly not situated to entertain a request to reconsider a prior order by the presiding district judge.  The Court expresses no opinion as to whether relief from Judge Dorsey's dismissal order is warranted.

[2] The motion also does not acknowledge Plaintiff's disclosure identifying Snapp.  *See* Docket No. 73-12 at 4-5.

[3] The Court herein expresses no opinion as to whether excusable neglect or good cause exist for the relief sought as to Snapp, nor whether amendment should be allowed under Rule 15.

In short, the pending motions to modify the scheduling order and for leave to amend are both **DENIED** without prejudice. Any renewed motion practice must be filed in prompt fashion in accordance with the discussion above.

IT IS SO ORDERED.

Dated: April 29, 2024

                                                                                          _____
Nancy J. Koppe
United States Magistrate Judge