# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mary Smith,

      Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

      Defendants

Case No.: 2:23-cv-00092-JAD-NJK

**Order Adopting Report and Recommendation and Denying Plaintiff's Motion for Leave to Amend Complaint**

[ECF Nos. 80, 99, 101]

Plaintiff Mary Smith sues the Las Vegas Metropolitan Police Department (Metro) and numerous other defendants, seeking to hold them accountable for her son James Perea's death while he was in custody at the Clark County Detention Center.[1]  Smith moves to modify the scheduling order to allow her to amend her complaint to add corrections officer Christy Snapp as a defendant.[2]  The magistrate judge recommends that this court deny the motion, reasoning that Smith hasn't shown the diligence required to meet the good-cause standard to extend the deadline to amend.[3]  Smith objects to that recommendation, insisting that she "acted with utmost diligence" to amend her complaint after discovering Snapp's involvement in Perea's death,[4] and she asserts that this is a dispositive issue so I should review the magistrate judge's recommendation de novo.[5]  Metro and defendants Vanessa Mitchell and Don'te Mitchell[6]

---

[1] ECF No. 10.

[2] ECF No. 80.

[3] ECF No. 99.

[4] ECF No. 101 at 3.

[5] *Id.* at 5.

[6] I refer to these three defendants collectively as "Metro" throughout this order.

respond that "clear error" is the appropriate standard of review and further contend that there would be no reason to overrule the magistrate judge's decision even if the de novo standard applied.[7]  Because this is a non-dispositive matter and Smith hasn't shown that the magistrate judge made clearly erroneous findings of fact or misapplied the law, I adopt the magistrate judge's report and recommendation in full and deny Smith's motion to extend the amendment deadline and to amend her complaint.

## Background[8]

On July 10, 2021, James Perea was arrested and brought to the Clark County Detention Center (CCDC) as a pre-trial detainee.[9]  During the intake process, Perea reported that he had been a daily heroin user for the past seven years and was experiencing withdrawal symptoms.[10] He was placed in an isolation cell where he repeatedly vomited blood.[11]  Perea was briefly treated and then returned to his cell on July 11th.[12]  He was found dead in his cell the next morning.[13]

Smith sues Metro, several of its corrections officers, and the contracted medical-care providers who interacted with Perea while he was at CCDC.[14]  She now seeks to add corrections officer Christy Snapp as a named defendant,[15] well after the August 1, 2023, deadline to amend

---

[7] ECF No. 110 at 6–7, 10.

[8] This is merely a summary of facts alleged in Smith's first-amended complaint, ECF No. 10, and should not be construed as findings of fact.

[9] ECF No. 10 at 6, ¶ 35.

[10] *Id.* at ¶ 37.

[11] *Id.* at 6–7, ¶¶ 38–39.

[12] *Id.* at 7, ¶ 40.

[13] *Id.* at ¶ 41.

[14] *Id.* at 1.

[15] ECF No. 80.

pleadings or add parties.[16]  Recognizing that she needs to reopen the amendment window to accomplish that goal, Smith also moves to modify the deadline to amend pleadings under Federal Rule of Civil Procedure (FRCP) 16(b)(4), arguing that Metro's disclosures at the time of the deadline were "completely misleading" and Snapp's role in Perea's death only became clear after Metro produced more documentation of Snapp's involvement on February 1, 2024.[17] Metro responds that Smith has not established the diligence required to modify the deadline because Metro's initial disclosures identified Snapp as the officer responsible for video monitoring at the time of Perea's death.[18]  Magistrate Judge Nancy J. Koppe recommends that this motion be denied, because Smith hasn't shown the diligence required by FRCP 16(b).[19]

## Discussion

**A.    This is a non-dispositive matter, so the clear-error standard applies.**

The standard of review this court must apply depends on whether Smith's motion is dispositive or not.  Smith argues that this is a dispositive matter because adopting the magistrate judge's recommendation would preclude her from filing a claim against Snapp.[20]  Metro responds that 28 U.S.C. § 636, this district's Local Rule IB 1-3, and "the consensus of authorities" support applying the clear-error standard.[21]

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" or to recommend how the district judge should rule on a

---

[16] ECF No. 37.

[17] ECF No. 80 at 3.

[18] ECF No. 84 at 5.

[19] ECF No. 99 at 4.

[20] ECF No. 101 at 5.

[21] ECF No. 110 at 6–8.

dispositive issue.[22]  When a litigant challenges a magistrate judge's ruling on a non-dispositive matter, the district judge may reconsider that ruling when it has been shown that the magistrate judge's order is "clearly erroneous or is contrary to law."[23]  This standard of review "is significantly deferential" to a magistrate judge's determination[24] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[25] or a relevant statute, law, or rule has been omitted or misapplied.[26]  When a litigant objects to a magistrate judge's report and recommendation on a dispositive issue, the district judge's review is instead de novo.[27]

28 U.S.C. § 636(b)(1)(A) lists the dispositive motions that district judges cannot refer to magistrate judges for determination.[28]  That list includes motions for injunctive relief, for judgment on the pleadings, and for summary judgment;[29] it does not include motions to extend deadlines or amend pleadings.[30]  This district's Local Rule IB 1-4 provides a similar list of dispositive motions.[31]  So the applicable statute and local rule do not contemplate that motions like Smith's should be treated as dispositive.

---

[22] 28 U.S.C. § 636(b)(1); Local Rule (L.R.) IB 3-1.

[23] Fed. R. Civ. P. 72(a); L.R. IB 3-1(a).

[24] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[25] *Id.* (cleaned up).

[26] *See Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[27] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b).

[28] 28 U.S.C. § 636(b)(1)(A).

[29] *Id.*

[30] *Id.*

[31] L.R. IB 1-4.

Although the Ninth Circuit has noted that the 28 U.S.C. § 636(b)(1)(A) list "appears to be exhaustive,"[32] courts must look to the "effect of the motion" on the parties' claims or defenses to determine whether a matter not included on that list is dispositive or non-dispositive.[33] Under this test, the District of Hawaii found in *JJCO, Inc. v. Isuzu Motors America, Inc.* that motions for leave to amend pleadings are generally non-dispositive.[34] The *JJCO, Inc.* plaintiff moved to modify the deadline to file an amended complaint with the goal of adding two additional defendants, citing newly-discovered evidence.[35] Stressing that it had found no Ninth Circuit case "requiring de novo review of a magistrate judge's ruling denying leave to add a party, whether based on futility or other grounds,"[36] the court concluded that the plaintiff's motion to modify the deadline and add defendants was non-dispositive and the magistrate judge's denial was subject to the clear-error standard.[37] More recently, another District of Hawaii judge confirmed the *JJCO, Inc.* court's finding that the Ninth Circuit has never required de novo review of a magistrate judge's order denying a plaintiff's motion to add a defendant.[38]

The Seventh Circuit similarly held in *Hall v. Norfolk Southern Railway Co.* that a magistrate judge's denial of a plaintiff's motion to amend his complaint to add a defendant is non-dispositive and thus only subject to clear-error review.[39] The court reasoned that, because "[t]he magistrate judge's denial of [the plaintiff's] motion to amend his complaint did not

---

[32] *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).

[33] *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004).

[34] *JJCO, Inc. v. Isuzu Motors Am., Inc.*, 2009 WL 3818247 (D. Haw. Nov. 12, 2009).

[35] *Id.* at *1.

[36] *Id.* at *3.

[37] *Id.*

[38] *Armstrong v. Hawaiian Airlines, Inc.*, 2019 WL 1645192 at *3 (D. Haw. Apr. 16, 2019).

[39] *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006).

terminate his existing lawsuit against [the defendant], it merely prevented him from adding" a new defendant, the denial was non-dispositive.[40]

A review of the statutory scheme governing the authority of magistrate judges, this district's local rules, and persuasive case law support the conclusion that clear-error review is appropriate here. I find that Smith's motion to modify the scheduling order, amend her complaint, and add a defendant is a non-dispositive matter because denial has no effect on Smith's claims against the 13 named defendants in this case; it merely prevents her from adding one more corrections officer to that list. So I review the magistrate judge's determinations for clear error.

**B.    The magistrate judge's report and recommendation isn't clearly erroneous or contrary to law.**

Magistrate Judge Koppe recommends that I deny Smith's motion because Smith has not established the diligence required to modify her amendment deadline under FRCP 16.[41] Smith objects, arguing that this recommendation misinterprets FRCP 16, contradicting "this District's case law" and "the spirit of the Federal Rules of Civil Procedure."[42] Metro responds that there is no reason to reject the recommendation under the clear-error standard, as the magistrate judge neither ignored binding legal authority nor made factual errors.[43]

Because Smith's motion is non-dispositive, this court must defer to the magistrate judge's decision unless it was "clearly erroneous or contrary to law.'"[44] A magistrate judge's

---

[40] *Id.*

[41] ECF No. 99 at 5–6.

[42] ECF No. 101 at 3.

[43] ECF No. 110 at 10.

[44] *Grimes*, 951 F.2d at 241 (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)).

determination of a non-dispositive issue is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[45]  A pretrial scheduling order generally can be amended only "upon a showing of good cause."[46]  When evaluating motions to amend under FRCP 16, courts primarily consider the diligence of the party seeking to modify the schedule,[47] and the burden rests with that party.[48]  A party moving to modify a deadline after it has already expired must also show excusable neglect,[49] but if the moving party "was not diligent, the inquiry should end and the motion to modify should not be granted."[50]

Magistrate Judge Koppe's determination that Smith hasn't established diligence is not contrary to law.[51]  Her report and recommendation accurately summarizes the details about Snapp that were disclosed to Smith well before the deadline passed and explains that Smith did not "probe in a diligent manner" to clarify Snapp's involvement.[52]  Smith justified her motion to amend after the deadline by claiming that she was "utterly unable to seek out items that were unknown [] to her,"[53] but she has been aware of Snapp's involvement since October 2022.[54]  It

---

[45] *adidas America, Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

[46] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)).

[47] *Id.* at 609.

[48] *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  *See also Millsaps v. Pinal Cnty. Superior Ct.*, 494 F. App'x. 821, 823 (9th Cir. 2012) (acknowledging that the party moving to modify a Rule 16 scheduling order bears the burden of showing diligence).

[49] *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017).

[50] *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (cleaned up) (quoting *Johnson*, 975 F.2d at 609).

[51] ECF No. 99 at 5.

[52] *Id.* at 5–6.

[53] ECF No. 101 at 13.

[54] ECF No. 84 at 4.

was then that the defendants identified Snapp as the officer assigned to monitor video of Module 2C—where Perea was being held—in their initial disclosure.[55]  And in July 2023, Metro produced surveillance footage showing Snapp at the video monitors during the relevant time period.[56]  Given the information available to Smith before the deadline passed, the magistrate judge's determination that Smith didn't act diligently to learn more about Snapp's involvement is not clearly erroneous.

Smith asserts that she "zealously pursued discovery" by exchanging documents and conducting depositions, but she doesn't explain any effort she made (diligent or otherwise) to clarify Snapp's role before the deadline to amend had passed.[57]  As the Seventh Circuit concisely stated, "[i]t is the plaintiff's responsibility to determine the proper party to sue."[58]  Magistrate Judge Koppe did not contravene the law by finding that Smith's generalized discovery efforts fell short of diligence on this particular issue.   And she correctly followed the Ninth Circuit's guidance that a motion to amend should be denied without further inquiry if the moving party fails to establish diligence.[59]  So I overrule Smith's objections, adopt the magistrate judge's recommendation in its entirety, and deny Smith's motion to modify the scheduling order and amend her complaint to add Christy Snapp as a defendant.

---

[55] *Id.*

[56] ECF No. 101 at 13.

[57] *Id.* at 14.

[58] *Hall*, 469 F.3d at 596.

[59] *Johnson,* 975 F.2d at 609.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Mary Smith's objections **[ECF No. 101]**

**are OVERRULED**, the report and recommendation [**ECF No. 99] is ADOPTED** in its entirety,

and Smith's motion to modify the scheduling order deadline to amend pleadings and for leave to

file a second-amended complaint adding Christy Snapp as a defendant **[ECF No. 80] is**

**DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 30, 2024