**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mary Smith, individually and as Special
Administrator of the Estate of James Perea,

     Plaintiff,

v.

Las Vegas Metropolitan Police Department,
et al.,

     Defendants

Case No.: 2:23-cv-00092-JAD-NJK

**Order Granting Wellpath Defendants'
Motion to Extend Time to File Summary
Judgment Motion and Granting Plaintiffs'
Motion to Reconsider Dismissal of
Wellpath LLC**

[ECF Nos. 172, 175]

Mary Smith sues the Las Vegas Metropolitan Department, medical contractor Wellpath LLC, and certain of their employees following her son James Perea's death while he was in custody at the Clark County Detention Center (CCDC).  Wellpath declared bankruptcy while this case was pending, which effectively stayed the case in its entirety until the bankruptcy court ruled that Smith's claims against Metro and its officers, as well as individual Wellpath employees, could proceed in this court.  So those claims went forward, but I dismissed the case against Wellpath after the bankruptcy court discharged its debts.

Smith now moves this court to reconsider Wellpath's dismissal, arguing that the bankruptcy court has since clarified that personal-injury plaintiffs are entitled to name the defunct company as a nominal defendant for the purpose of liquidating the claims against it.  I grant that motion because that it is clearly what bankruptcy law contemplates and what the bankruptcy court intended.  The individual Wellpath employees also move to extend their deadline to file a summary-judgment motion, arguing that confusion surrounding when the bankruptcy stay was lifted caused them to miss the dispositive-motion deadline.  Though their explanations are specious, I grant the motion because Smith will not be prejudiced by the late

motion and because this court prefers to resolve issues on their merits. So I direct the individual Wellpath defendants to refile their summary-judgment motion by March 23, 2026. It may not contain any substantive changes from the version of the motion filed in October 2024.

**Discussion**

**A.    Smith's motion to reconsider and reinstate Wellpath as a nominal defendant is granted.**

*1.    The bankruptcy court clarified that Wellpath may remain as a nominal defendant in personal-injury cases like this one.*

Smith asks me to reconsider my with-prejudice dismissal of Wellpath LLC following the Texas bankruptcy court's order discharging the company's debts and obligations.[1] She argues that after Wellpath's discharge, the bankruptcy court clarified during a hearing that the injunction against collecting Wellpath's debts did not preclude a personal-injury or wrongful-death claimant from naming the company as a nominal defendant for purposes of liquidating their claims and ensuring access to Wellpath's liability-insurance coverage if they win damages against Wellpath's employees.[2] Wellpath opposes, contending that Smith interprets the bankruptcy court's comments during that hearing too broadly.[3]

The portion of the bankruptcy-court hearing relevant to this dispute was held in response to a motion by Amber Hirsch, a plaintiff in one of the many other tort actions currently pending against Wellpath and its employees throughout the country.[4] Based on issues Hirsch was experiencing while litigating her claims against Wellpath in district court, Wellpath's lawyer

---

[1] ECF No. 172.

[2] *Id.* at 3 (citing ECF No. 172-3 (transcript of July 23, 2025, omnibus hearing in *In re Wellpath SF Holdco, LLC*, Case No. 4:24-bk-90533 (Bankr. S.D. Tex.)).

[3] ECF No. 173.

[4] *See* ECF No. 172-3 at 31:19–37:10. I cite to the transcript's pagination, not the ECF pagination, when citing to this exhibit.

alerted the bankruptcy judge to some confusion that its discharge-and-injunction order had caused in several district courts handling similar actions, noting that some courts were dismissing claims against Wellpath without allowing the plaintiffs to proceed against Wellpath or its Liquidating Trust as a nominal defendant.[5]

The bankruptcy court clarified that its prior order did not intend to preclude personal-injury plaintiffs from taking that step.[6] The Texas-based judge relied on the Fifth Circuit's decision in *Houston v. Edgeworth*[7] for the proposition that bankruptcy law does not "bar a suit against the discharged debtor as the nominal defendant" "in order to collect from [the debtor's] insurance policy."[8] The Bankruptcy Appellate Panel of the Ninth Circuit has similarly recognized that the bankruptcy code does not prevent a "post-discharge lawsuit in which the debtor is named as a putative party to collect from a collateral source, such as an insurance policy or an uninsured employers' fund . . . provided [that] the plaintiff makes it clear that it is not naming the debtor as a party for anything other than formal reasons."[9]

The Wellpath defendants offer various arguments to dissuade me from following the intent of the bankruptcy court or established persuasive authority permitting Smith to add Wellpath as a nominal defendant. They first argue that, because the bankruptcy court hearing

---

[5] *Id.* at 6:12–16; 32:13–34:21.

[6] *Id.* at 34:22–35:12.

[7] *Houston v. Edgeworth (Matter of Edgeworth)*, 993 F.2d 51 (5th Cir. 1993).

[8] *Id.* at 54; ECF No. 172-3 at 34:24–35:2 (bankruptcy court explaining that, "I think *Edgeworth* is pretty clear that you're entitled to . . . go liquidate your claim . . . and to name the Debtor as the nominal [defendant]" and explaining that "the whole purpose for including the Liquidating Trust as the nominal party was just administrative convenience" but, "to the extent that doesn't work for whatever reason, then I think [the personal-injury plaintiffs are] entitled to name Wellpath as a nominal defendant").

[9] *In re Kabiling*, 551 B.R. 440, 446 (B.A.P. 9th Cir. 2016) (cleaned up).

3

was in response to a motion from a plaintiff in a different tort case, it has no effect here. Although Wellpath is correct that the court called the hearing because of issues in another case, the transcript of that hearing makes it clear that the bankruptcy judge intended to clarify the impact of his prior orders as they applied to all personal-injury and wrongful-death claimants involved in the bankruptcy proceedings.  His clarifications came after Wellpath's counsel and the Liquidating Trust's counsel explained that similar issues related to whether Wellpath or the Liquidating Trust could be named as a nominal defendant post-discharge were popping up in cases across the country.  The bankruptcy judge explained that he was "basically granting the relief people are asking" for by clarifying that tort plaintiffs were permitted to name Wellpath as a nominal defendant under the discharge order.[10]  The bankruptcy judge clearly intended for this transcript to act as a clarifying order for all affected cases against Wellpath, so I treat it as such.

Wellpath next argues that the procedural differences between this case and Hirsch's case preclude me from relying on the bankruptcy court's reasoning.  Wellpath points out that in *Hirsch*, the plaintiff had filed a default-judgment motion against Wellpath that remained pending before the district court.[11]  Because no such motion for damages or judgment is pending here, Wellpath argues, the bankruptcy court's clarifications are inapplicable.[12]  But it's clear from *In re Edgeworth*, the case that the bankruptcy court relied on to clarify its prior orders, that whether a motion for judgment is pending is irrelevant to whether naming a post-discharge debtor as a nominal defendant is permissible.  In *Edgeworth*, the tort plaintiff sought approval to file a lawsuit against a debtor after its debts were discharged in bankruptcy.[13]  Even in that case, in

---

[10] *Id.* at 35:16–20.

[11] ECF No. 173 at 3, 4.

[12] *Id.*

[13] *Matter of Edgeworth*, 993 F.2d at 53.

which any assumption of judgment would be speculative and years away from resolution, the Fifth Circuit held that the plaintiff was entitled to name the debtor as a nominal defendant.[14] Wellpath fails to cite any authority suggesting that the basic principle of *Edgeworth* and similar Ninth Circuit bankruptcy cases allowing this procedure is limited only to claimants with pending motions for judgment.

In short, Smith accurately cites the law and the bankruptcy court's clarifying comments to argue that this court should reinstate Wellpath solely as a nominal defendant for the formal purpose of liquidating claims and having access to Wellpath's insurance coverage in the event of a monetary judgment. That the bankruptcy court did not reduce its clarifications to a written order does not counsel otherwise—the judge understood the issue that various tort plaintiffs were facing in their separate cases and clarified the scope of his prior order. Ninth Circuit bankruptcy caselaw also dictates the conclusion that Smith seeks.[15] So I grant her motion for reconsideration and direct the Clerk of Court to add Wellpath LLC on the docket as a nominal defendant.[16]

### 2. Smith will be permitted to serve trial subpoenas and similar documents on Wellpath.

In her motion, Smith notes that the bankruptcy court permitted the *Hirsch* plaintiff to serve some discovery requests on Wellpath.[17] The bankruptcy court acknowledged that though

---

[14] *Id.* at 54.

[15] *See In re Kabiling*, 551 B.R. at 446.

[16] The parties offer various comments related to the role of the Liquidating Trust in all this, and whether the parties are required to participate in an alternative-dispute-resolution process set by the bankruptcy court. The bankruptcy court clarified that naming the trust is not necessary and that personal-injury and wrongful-death plaintiffs are not required to participate in the ADR process. Given that no party has moved to name the Liquidating Trust or compel ADR participation, I don't address these issues any further.

[17] ECF No. 172-3 at 7:14–20.

Wellpath was no longer an actively participating party, it would still be obligated to provide relevant discovery as any third party would.[18]  Smith argues that the bankruptcy court's reasoning extends to her ability to "conduct[] necessary final pre-trial discovery and for serving trial notices to appear and produce witnesses and evidence."[19]  Wellpath responds that discovery is closed and it is no longer a party in this case.

Wellpath appears to misunderstand Smith's request.  She does not seek to interact with Wellpath as if it is a party in this case, but rather to serve documents that would secure necessary witnesses and evidence at trial.  She will be permitted to do so, just as litigants are permitted to subpoena third parties for information relevant to a dispute.  If Smith serves any subpoenas or discovery requests that Wellpath believes are outside of the scope of proper discovery under these circumstances, it must file the appropriate discovery motion opposing that request.

**B.      Because Smith will not be prejudiced by allowing the individual Wellpath defendants to file a motion that has been on the docket since October 2024, the court grants their motion to extend their long-past-due summary-judgment motion.**

*1.      The Wellpath defendants admittedly failed to refile their dispositive motion by the court's deadline, but they seek relief from their neglect.*

When Wellpath declared bankruptcy, the bankruptcy court's stay order extended to all parties involved in this case.[20]  Upon suggestion of bankruptcy, I denied all of the defendants' pending motions for summary judgment "without prejudice to their refiling within 15 days of the lifting of the bankruptcy stay."[21]  The bankruptcy court later modified its stay to exempt claims

---

[18] *Id.* (explaining that Wellpath doesn't "have to participate, but [it] would still be subject to [discovery] as a third party" and thus would "still be subject to discovery regarding the underlying facts" (cleaned up)).

[19] ECF No. 172 at 6.

[20] *See* ECF No. 139 at 2.

[21] ECF No. 137.

against specific parties that are independent from Wellpath.[22]  That modification effectively lifted the stay for the claims against Metro and its officers, so I ordered that those claims would proceed,[23] and those defendants promptly refiled their summary-judgment motions in March 2025.[24]

Several months later, Wellpath's bankruptcy was discharged and Wellpath filed a motion to dismiss the claims against it with prejudice under the bankruptcy court's permanent injunction against the collection of debts not settled through the bankruptcy process.[25]  I held a hearing on that motion in August 2025, and counsel for Wellpath and its employees acknowledged that the stay against the employees was lifted on May 8th.[26]  She also acknowledged that the individual employees should have refiled their summary-judgment motion within 15 days of that date under the court's earlier order but asked that the deadline be reset to 15 days after the August hearing.[27]  Smith opposed, so I ordered counsel for the Wellpath employees to file a motion to enlarge time.[28]

A month later, the individual Wellpath defendants moved to extend time to file their summary-judgment motion.[29]  They argue that they were unaware that the stay had been lifted until June 2025 and that their counsel had medical matters that kept her out of the office for three

---

[22] ECF No. 139 at 2; ECF No. 139-1 (bankruptcy order).

[23] ECF No. 140.

[24] ECF Nos. 143, 144.

[25] ECF No. 155.

[26] ECF No. 174 at 11:9–10.

[27] *Id.* at 11:11–14.

[28] *Id.* at 12:5–13:15.

[29] ECF No. 175.

weeks that June.[30]  They also contend that Smith will not be prejudiced if the late filing is allowed because their summary-judgment motion has been available to her since it was first filed in October 2024.[31]

Smith responds that the individual Wellpath defendants' motion is too little and too late. She points out that their counsel acknowledged during the August 7th hearing that they missed the deadline to refile their summary-judgment motion by approximately four months, then waited another month before moving for an extension.[32]  Smith contends that the Wellpath defendants have not shown good cause or excusable neglect for that excessive delay and that she will be unfairly prejudiced if it is excused.[33]

### 2.   *The court exercises its discretion to permit the Wellpath defendants' late filing.*

To extend a court-ordered deadline after it has passed, the movant must show good cause and excusable neglect for its failure to comply.[34]  Good cause exists "if it cannot reasonably be met despite the diligence of the party seeking the extension."[35]  The more demanding excusable-neglect standard requires courts to consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[36]

---

[30] *Id.* at 4–5.

[31] *Id.* at 6.

[32] ECF No. 177.

[33] *Id.* at 5–9.

[34] Fed. R. Civ. P. 6(b)(1)(B); L.R. 26-3.

[35] *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).

[36] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Whether the Wellpath defendants have shown good cause for their failure to comply with court deadlines is questionable. Though I credit counsel's representation that she was not timely informed of the bankruptcy court's order lifting the stay and that she had medical emergencies for much of June, that does not explain why no action was taken in July or August to seek this court's permission to extend the deadline. However, I use my inherent discretion to manage the court's docket to overlook Wellpath's failure. Its not disputed that the individual Wellpath employees filed a summary-judgment by the court's first deadline. Because Wellpath's bankruptcy effectively mooted those motions while the automatic stay was in place, I denied that motion without prejudice. But it was on the docket and available to Smith for more than a year. Her ability to review the Wellpath defendants' arguments for that substantial length of time makes it unlikely that extending the time to simply refile the same motion would prejudice her.

Although Smith has a justifiable interest in the speedy resolution of her case, no additional prejudice will come from this extension in light of the fact that the Metro defendants' summary-judgment motions are still pending. There is also no evidence in the record that the Wellpath defendants' delay was a product of bad faith. Under these circumstances, I find that the interest in resolving claims that may lack a genuine dispute of material fact before this case potentially goes to trial outweighs any perceived prejudice in extending the time for briefing the Wellpath defendants' summary-judgment motion. So I grant the motion to extend time, with one limitation: in their refiled motion, the individual Wellpath defendants may not make any substantive changes to the content of the summary-judgment motion that they filed in October 2024, unless those changes are solely to withdraw arguments. This restriction properly mitigates any risk of prejudice to Smith.

**Conclusion**

IT IS THEREFORE ORDERED that Smith's motion for reconsideration **[ECF No. 172]** **is GRANTED.**  The Clerk of Court is directed to **ADD Wellpath LLC as a nominal defendant** in this case.

IT IS FURTHER ORDERED that the individual Wellpath defendants' motion to extend time to refile their summary-judgment motion **[ECF No. 175] is GRANTED**.  The Wellpath defendants must refile their motion, with no substantive changes as discussed in this order, by March 23, 2026.  The briefing deadlines in Local Rule 7-2(b) will then apply.

_____
U.S. District Judge Jennifer A. Dorsey
March 13, 2026

10